1
2
3
4
5
6
7

8                         **UNITED STATES DISTRICT COURT**

9                         **EASTERN DISTRICT OF CALIFORNIA**

10

11  GERRY RENEE POTTS,                      )  Case No.: 1:21-cv-0625 JLT
                                            )
12                  Plaintiff,              )  ORDER DIRECTING THE CLERK TO ISSUE
                                            )  SUMMONS, SOCIAL SECURITY CASE
13          v.                              )  DOCUMENTS, AND SCHEDULING ORDER
                                            )
14  ANDREW SAUL,                            )  ORDER STAYING CASE PURSUANT TO
    Commissioner of Social Security,        )  GENERAL ORDER 615
15                                          )
                    Defendant.              )
16  _____)

17          Gerry Renee Potts seeks judicial review of the administrative decision denying an application

18  for Social Security benefits.  (Doc. 4)  Previously, the Court dismissed the complaint with leave to

19  amend.  (Doc. 3)  On April 21, 2021, Plaintiff filed a First Amended Complaint, which is now before

20  the Court for screening.  (Doc. 4)  For the following reasons, the Court finds issuance of the new case

21  documents is appropriate.

22  **I.      Screening Requirement**

23          When an individual seeks to proceed *in forma pauperis*, the Court is required to review the

24  complaint and shall dismiss a complaint, or portion of the complaint, if it is "frivolous or malicious,"

25  "fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant

26  who is immune from such relief."  28 U.S.C. § 1915(e)(2).  The Court must screen the First Amended

27  Complaint because it supersedes the previously filed complaint.  *See Forsyth v. Humana*, 114 F.3d

28  1467, 1474 (9th Cir. 1997); *King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1987).

1
2   A plaintiff's claim is frivolous "when the facts alleged rise to the level of the irrational or the
3   wholly incredible, whether or not there are judicially noticeable facts available to contradict them."
4   *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992).  Thus, a court may dismiss a complaint as frivolous
5   under Section 1915 based on a relevant statute of limitations where it is obvious from the face of the
6   complaint that the asserted claim is barred.  *See Franklin v. Murphy*, 745 F.2d 1221, 1228-30 (9th Cir.
7   1984); *see also Street v. Vose*, 936 F.2d 38, 39 (1st Cir. 1991) ("a complaint which states a claim that
8   appears to have expired under the applicable statute of limitations may be dismissed as frivolous" under
    the screening provision of Section 1915).

9   **II.     Pleading Standards**

10  General rules for pleading complaints are governed by the Federal Rules of Civil Procedure. A
11  pleading must include a statement affirming the court's jurisdiction, "a short and plain statement of the
12  claim showing the pleader is entitled to relief; and … a demand for the relief sought, which may
13  include relief in the alternative or different types of relief."  Fed. R. Civ. P. 8(a).  The purpose of the
14  complaint is to give the defendant fair notice of the claims, and the grounds upon which the complaint
15  stands. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  The Supreme Court noted,

16          Rule 8 does not require detailed factual allegations, but it demands more than an
            unadorned, the-defendant-unlawfully-harmed-me accusation.  A pleading that offers
17          labels and conclusions or a formulaic recitation of the elements of a cause of action
            will not do.  Nor does a complaint suffice if it tenders naked assertions devoid of
18          further factual enhancement.

19  *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (internal quotation marks and citations omitted). Vague
20  and conclusory allegations do not support a cause of action.  *Ivey v. Board of Regents*, 673 F.2d 266,
21  268 (9th Cir. 1982).  The Court clarified further,

22          [A] complaint must contain sufficient factual matter, accepted as true, to "state a
            claim to relief that is plausible on its face." [Citation]. A claim has facial plausibility
23          when the plaintiff pleads factual content that allows the court to draw the reasonable
            inference that the defendant is liable for the misconduct alleged. [Citation]. The
24          plausibility standard is not akin to a "probability requirement," but it asks for more
            than a sheer possibility that a defendant has acted unlawfully. [Citation]. Where a
25          complaint pleads facts that are "merely consistent with" a defendant's liability, it
            "stops short of the line between possibility and plausibility of 'entitlement to relief.'
26

27  *Iqbal*, 556 U.S. at 679 (citations omitted). When factual allegations are well-pled, a court should
28  assume their truth and determine whether the facts would make the plaintiff entitled to relief; legal

2

1   conclusions are not entitled to the same assumption of truth. *Id.* The Court may grant leave to amend a

2   complaint to the extent deficiencies of the complaint can be cured by an amendment. *Lopez v. Smith*,

3   203 F.3d 1122, 1127-28 (9th Cir. 2000) (en banc).

4   **III.    Discussion and Analysis**

5       Plaintiff seeks review of a decision by the Commissioner of Social Security denying disability

6   benefits. (Doc. 4)  The Court may have jurisdiction pursuant to 42 U.S.C. § 405(g), which provides:

7       Any individual, after any final decision of the Commissioner made after a hearing to
        which he was a party, irrespective of the amount in controversy, may obtain a review of
8       such decision by a civil action commenced within sixty days after the mailing to him of
        such decision or within such further time as the Commissioner may allow. Such action
9       shall be brought in the district court of the United States for the judicial district in
        which the plaintiff resides, or has his principal place of business . . . The court shall
10      have power to enter, upon the pleadings and transcript of the record, a judgment
        affirming, modifying, or reversing the decision of the Commissioner of Social Security,
11      with or without remanding the cause for a rehearing.

12  *Id.*  Except as provided by statute, "[n]o findings of fact or decision of the Commissioner shall be

13  reviewed by any person, tribunal, or governmental agency."  42 U.S.C. § 405(h).

14      Plaintiff seeks to appeal the final administrative decision denying an application for benefits.

15  (Doc. 4 at 1-2)  Plaintiff asserts the Appeals Council affirmed the ALJ's decision on February 19, 2021.

16  (*Id.* at 2)  Thus, any request for judicial review was to be filed no later than April 25, 2021.  Because

17  Plaintiff initiated this action by filing his complaint on April 15, 2021, the request for judicial review

18  was timely.

19  **IV.    Conclusion and Order**

20      Plaintiff's complaint states a cognizable claim for review of the administrative decision denying

21  Social Security benefits.  Based upon the foregoing, the Court **ORDERS**:

22      1.    The Clerk of Court is **DIRECTED** to issue summons as to Andrew Saul, Commissioner

23  of Social Security;

24      2.    The Clerk of Court is **DIRECTED** to issue and serve Plaintiff with Social Security Case

25  Documents, including the Scheduling Order, Order regarding Consent, the Consent Form, and USM-

26  285 Forms;

27      3.    The U.S. Marshal is **DIRECTED** to serve a copy of the First Amended Complaint

28  (Doc. 4), summons, and this order upon the defendant as directed by Plaintiff in the USM Forms; and

1    4.    After service, the matter will remain **STAYED** pursuant to General Order 615, until the

2 administrative record is filed or further order of the Court lifting the stay.

3

4 IT IS SO ORDERED.

5    Dated:   __April 22, 2021__                _____ /s/ Jennifer L. Thurston__

6                                                    CHIEF UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28